The rule contains no language suggesting that when the Court of Civil Appeals is of the opinion that the verdict of the trial court is excessive and that the cause should be reversed for that reason only, it cannot require remittitur unless it finds in the record evidence other than that afforded by the amount of the verdict that the jury in fixing the amount was influenced by passion or prejudice. We believe that under this rule a Court of Civil Appeals may require remittitur when, after consideration of the amount of the verdict and the evidence bearing upon the amount, it finds that the verdict is excessive and that the cause should be reversed for that reason only. The amount of the verdict itself, when considered in the light of the evidence in the record, may be enough to convince the Court of Civil Appeals that it was the result of passion or prejudice or other improper motive or was in disregard of the evidence. In our opinion there need not be extraneous proof of passion or prejudice on the part of the jury. Indeed, it would be in many cases very difficult and often impossible to make that proof. The foregoing conclusions find support in Judge Martin's opinion, adopted by the Supreme Court, in World Oil Co. v. Hicks, 129 Tex. 297, 103 S.W.2d 962.

The judgment of the Court of Civil Appeals is reversed and the cause is remanded to that Court for further consideration of the assignments of error as to excessiveness of the verdict.

Pollard, Lawrence & Reeves, Tyler, W. Dewey Lawrence, Tyler, for petitioners.

Troy Smith, Tyler, Ted Chilcote, Tyler, for respondent.

PER CURIAM.

Application for Writ of Error is dismissed for want of jurisdiction. Since the points presented by the application for writ of error involve only questions of the admissibility of evidence, which do not necessarily control the case, the application for writ of error is dismissed for want of jurisdiction, Davis v. Williams, 136 Tex. 27, 146 S.W.2d 982.